IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PHYLLIS A. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:13-cv-00024 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN COLVIN, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of the United States Magistrate Judge recommending that I deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss this case. The R & R was filed on June 20, 2014, and Plaintiff Phyllis A. Adkins ("Plaintiff") filed a timely Objection on July 3, 2014. The Commissioner filed her Response on July 7, 2014, and the matter is now ripe for review. *See* Fed. R. Civ. P. 72(b)(2). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's Objection, adopt the R & R of the Honorable Joel C. Hoppe, deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss this case from the active docket of the Court.

I. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 31, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"). (R. at 49, 122–25); *see* 42 U.S.C. §§ 401–434 (2014). At the time of her application, Plaintiff was 49 years old, had a 12th grade education, and had worked for many years as a factory laborer. (R. at 26, 42, 50.) Plaintiff alleges that she has been disabled since May 30, 2010, due to a combination of shingles,

knots in her hands, fibromyalgia, pain in the left side of her body, and anxiety attacks. (R. at 50.) Later in the application process, however, Plaintiff clarified that she was laid off from her job in May 2010. (R. at 39, 264.) Based on the medical records available at the time, a state agency concluded that her condition was "not severe enough to be considered disabling," and denied Plaintiff's application in October 2010 and March 2011. (R. at 54, 60.)

On January 5, 2012,[1] Plaintiff, represented by counsel, appeared before Administrative Law Judge Marc Mates ("the ALJ"). (R. at 21–48.) Vocational expert Robert Jackson ("the VE") also testified at the hearing. (R. at 13, 39–47.) In a written decision dated January 27, 2012, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (R. at 13–20.) He found that Plaintiff's neck and back difficulty, fibromyalgia, and non-dominant left shoulder impingement were "severe impairments." (R. at 15.) The ALJ determined that all other alleged impairments were non-severe, however, because they did not exist for a continuous period of twelve months, were responsive to medication, did not require significant medical treatment, or did not result in any continuous exertional or non-exertional functional limitations. (*Id.*) He also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 16 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to the limitations that she: (1) could not engage in left (non-dominant) arm overhead reaching; (2) could not climb ladders, ropes, or scaffolds; and (3) must avoid concentrated exposure to hazards. (R. at 16–19.) He found Plaintiff's statements concerning the intensity, persistence,

---

[1] Although the hearing took place in 2012, the hearing transcript is incorrectly dated January 5, 2013. (*Compare* R. at 21, *with* R. at 13, 20, 90, 105, 108, 118.)

and limiting effects of her symptoms credible only to the extent they were consistent with his assessment of her RFC, and noted some inconsistencies in Plaintiff's allegations. (R. at 17, 18.) Due to her limitations, however, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (R. at 19.) In light of her age, education, work experience, and RFC, and based on the testimony of the VE, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy.[2] Accordingly, he concluded that Plaintiff was not disabled within the meaning of the Act. (R. at 20.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on April 11, 2013. (R. at 1–4.)

On May 31, 2013, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 3].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to United States Magistrate Judge Joel C. Hoppe for consideration.[3] (Order, Feb. 24, 2014 [ECF No. 20].) Plaintiff and the Commissioner filed cross-motions for summary judgment. (Pl.'s Mot. Summ. J., Dec. 6, 2013 [ECF No. 14]; Def.'s Mot. Summ. J., Jan. 13, 2014 [ECF No. 18].) On June 20, 2014, Judge Hoppe filed his Report and Recommendation, recommending that I affirm the final decision of the Commissioner. (R & R, June 20, 2014 [ECF No. 24].) On July 3, 2014, Plaintiff filed a timely Objection to the R & R. (Pl.'s Obj., July 3, 2014 [ECF No. 25].) The Commissioner filed her Response on July 7, 2014, and the matter is now ripe for review. (Def.'s Resp. to Pl.'s Obj., July 7, 2014 [ECF No. 26].)

---

[2] For example, the VE testified that an individual with Plaintiff's limitations would be able to perform the requirements of representative occupations including: cashier, with 1.1 million jobs nationally and 33,000 jobs regionally; counter and rental clerk, with 108,000 jobs nationally and 2,900 jobs regionally; and inspector grader, with 125,000 jobs nationally and 3,000 jobs regionally. (R. at 20, 44.)

[3] The case was initially referred to the Honorable Robert S. Ballou, and later referred to the Honorable Joel C. Hoppe.

## II. STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g) (2014); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting

evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[4]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

### III. DISCUSSION

This Court reviews de novo any portion of the Magistrate Judge's recommendation to which a party objects. Fed. R. Civ. P. 72(b)(3). The majority of Plaintiff's Objection, however, simply reiterates arguments made to the Magistrate Judge in support of her Motion for Summary Judgment. (*Compare* Pl.'s Br. 12–13 [ECF No. 15], *with* Pl.'s Obj. 1–2.) Although I consider such recycled arguments to be improper,[5] I will address each of Plaintiff's objections in turn.

#### A. *The Opinions of Physical Therapist Brandy Wilson*

On January 4, 2012, Plaintiff presented to physical therapist Brandy Wilson of Rehab Associates of Central Virginia for an initial evaluation of her functional capacity. (R. at 18, 264–68.) According to the ALJ, the evaluation "endorsed that [Plaintiff] had decreased range of motion preventing full functional activity and decreased strength limiting functional activities." (R. at 18.) Although he found that the report "indicates reduced active range of motion of the

---

[4] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

[5] Mere repetition of those arguments made to and rejected by the Magistrate Judge is generally not sufficient to state an objection under Federal Rule of Civil Procedure 72. As has been stated before:

> The issues that Plaintiff raises in her general objection have already been addressed by [the Magistrate Judge] when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

*Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Mabe v. Colvin*, No. 4:12–cv–00052, 2013 WL 6055239, at *3 n.2 (W.D. Va. Nov. 15, 2013) (same).

cervical and lumbar spines," he noted that "muscle testing was generally 4/5 and [Plaintiff] had intact sensation and symmetric reflexes." (*Id.*) Plaintiff argues that the ALJ erred by (1) failing to expressly weigh the physical therapist's opinion regarding her functional limitations; and (2) not giving greater weight to her opinion. (*See* Pl.'s Obj. 1–2.)

Social Security regulations distinguish between "acceptable medical sources" and other health care providers, including therapists. 20 C.F.R. § 404.1513 (2014). Only "acceptable medical sources" can provide medical opinions and be considered treating sources whose medical opinions may be entitled to controlling weight. SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2006) (citing 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), 404.1502, 404.1527(d)). Other medical sources, on the other hand, can provide evidence to show the severity of an impairment, and how it affects an individual's ability to work. 20 C.F.R. § 404.1513(d); SSR 06-03P, at *2. As a general rule, the ALJ must consider the opinions of non-acceptable medical sources as he would any other relevant evidence.[6] 20 C.F.R. §§ 404.1520(b), 404.1527(b) (2014). These opinions are not, however, entitled to any particular weight. SSR 06-03P, at *4–5. Further, the ALJ is not required to explain the weight given to such opinions unless it might affect the outcome of the case.[7]

---

[6] "Generally, the ALJ is required to at least consider the opinion of a non-acceptable medical source . . . especially when . . . the non-acceptable medical source had a lengthy relationship with the claimant and can present relevant evidence as to the claimant's impairment or ability to work." *Hall v. Colvin*, No. 7:12–cv–00327, 2014 WL 988750, at *8 (W.D. Va. Mar. 13, 2014) (citing *Foster v. Astrue*, 826 F. Supp. 2d 884, 886 (E.D.N.C. 2011); SSR 06-03P). In this case, Ms. Wilson's opinion of Plaintiff is based on a single evaluation. (R. at 18, 264–68.)

[7] Social Security Ruling 06-03P clarifies that, "[a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' . . . *when such opinions may have an effect on the outcome of the case*." SSR 06-03P, at *6 (emphasis added). *See also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (finding no error in the ALJ's failure to expressly weigh the opinion of the plaintiff's physical therapist).

- 6 -

Case 4:13-cv-00024-JLK-JCH Document 27 Filed 07/28/14 Page 6 of 8 Pageid#: 361

After careful consideration of the Record, I find nothing to suggest that the opinion of Plaintiff's physical therapist might affect the outcome of her case. After a single evaluation, Ms. Wilson noted that Plaintiff was a "moderate fall risk," and opined that due to the chronicity of her pain and stiffness "she will be limited in her functioning." (R. at 267.) Ms. Wilson's opinion is vague and fails to provide any specific limitations with respect to Plaintiff's ability to sit, stand, walk, stoop, bend, crawl, kneel, lift, or perform any other activity.[8] Although Plaintiff argues that Ms. Wilson's functional evaluation "documents that [P]laintiff has multiple limitations impacting her functioning, which prevents her from engaging in substantial gainful employment," she fails to point out the specific limitations to which she refers. (Pl.'s Obj. 2.) Accordingly, I find that the ALJ's consideration of Ms. Wilson's opinion was more than adequate, and I will overrule Plaintiff's Objection.

### B. *The ALJ's Assessment of Plaintiff's Credibility*

Plaintiff contends that the ALJ erred by improperly assessing Plaintiff's credibility. In its entirety, however, Plaintiff's argument consists of the following:

> The [R & R] erroneously concludes that the ALJ properly assessed [P]laintiff's credibility. The ALJ's reasons for finding [P]laintiff less than fully credible are not supported by substantial evidence. The [R & R]'s conclusion that substantial evidence supports the ALJ's finding that the record contained inconsistencies in [P]laintiff's allegations is in error.

(Obj. 2.) Pursuant to Rule 72(b)(2), "a party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "[A] judge of the court shall make a de novo determination of *those portions* of the report or *specified*

---

[8] Nevertheless, the ALJ explicitly considered Ms. Wilson's opinion is his assessment of Plaintiff's RFC. (R. at 18.) After considering the medical opinions and other evidence in the Record, the ALJ "grant[ed] [Plaintiff] the maximum benefit in limiting her to a reduced range of light work involving no ladder, rope, or scaffold climbing, and no concentrated exposure to hazards. Further, he grant[ed] her the maximum benefit in limiting her to no left (non-dominant) arm overhead reaching." (R. at 18–19.)

proposed findings or recommendations *to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (2014) (emphasis added). A *general* objection to the proposed findings and recommendations of a magistrate judge, on the other hand, has the same effect as no objection at all.[9] In the absence of any substantive argument to support her conclusion, I find that Plaintiff fails to raise a proper written objection. Accordingly, Plaintiff is not entitled to de novo review of the issue, and I will overrule Plaintiff's Objection.

## IV.    CONCLUSION

For the foregoing reasons, I find that substantial evidence supports the final decision of the Commissioner of Social Security. I have reviewed the remainder of the Record for clear error and, finding none, I will overrule Plaintiff's Objection, adopt the R & R of the Honorable Joel C. Hoppe, deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and dismiss this case from the active docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 28th day of July, 2014.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] *See, e.g.*, *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by [Rule 72(b)] is, standing alone, a sufficient basis upon which to affirm the judgment of the district court . . . ."); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) ("[B]ecause Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and '[a] general objection . . . has the same effect as would a failure to object,' no part of the Report is subject to this Court's de novo review.") (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).